IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 8:02CR308 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | ORDER |
| HAROLD FOX, | ) ) ) | |
| Defendant. | ) | |

This case is scheduled for resentencing on July 1, 2005, at 9:30 a.m., Courtroom No. 3, Roman L. Hruska U.S. Courthouse, 111 South 18th Plaza, Omaha, Nebraska. The court has received by U.S. Mail a pro se brief and letter submitted directly by the defendant Harold Fox, a copy of which is attached to this order. After considering the matter,

IT IS ORDERED:

(a) That resentencing briefs from the parties are due on or before **June 17, 2005**. Defendant's counsel will file a resentencing brief on any issues he believes are pertinent to resentencing. Further, defendant's counsel shall attach the defendant's pro se brief as a supplement or appendix to his brief on resentencing.

(b) That no more pro se briefs will be received by the court.

(c) That the Clerk's Office will forward the original of the defendant's brief and letter to Harold Fox's attorney.

Dated this 3rd day of June, 2005.

BY THE COURT:

s/ Joseph F. Bataillon
JOSEPH F. BATAILLON
United States District Judge

To Clerk of the Court

Enclosed is a Brief to be Filed For my Resentencing Before Honorable Judge Batallion on July-1-2005. Would you please file case # 02 cr 308 Harold Fox. Also is a cover sheet would you stamped Date of Filed and return it to me please. (inside envelope)

Thank you. God Bless you

Sincerely
Harold Fox
May 17 2005

RECEIVED

MAY 19 2005

CLERK
U.S. DISTRICT COURT
OMAHA

United States District Court
District of Nebraska

| | |
|---|---|
| United States of America,<br>    Plaintiff,<br><br>                              vs.<br><br>Harold Fox,<br>    Defendant. | Crim. Case #02 cr 308<br><br>Defendant's Sentencing<br>Memorandum of Law |

**Comes Now**, Harold Fox, Defendant, to resepctfully submit this [re]sentencing position paper which contained critical points of law applicable to the instant facts, to enusre Defendant is subject to an accurate sentence reflecting his true culpability in the offense of conviciton. Defendant offers the following suggestions in support thereof:

Relevant case history and facts

   Defendant is appearing before this court upon a successful appeal based on the constituional doctrine announced in Booker(cite omitted). The preserved error and issue revolves around the fact that defense counsel was successful in limiting Fox's relative sentence exposure by submitted specific jury instructions regarding the amount Fox actually possessed with the possibility of distributing. This is an important distinction, as the amount of drugs that may have actually flowed through the life of the conspriacy could have easily exceeded 15 to 20 kilos of methamphetaimne. As Tristan Carter was found to be in excess of 15 kilos, Mike Karas handled an amount between 500 grams and 1.5 kilos and other aggregate quantities gleaned from trial testimony(See PSIR, Trial Tx. pp.     ).

1

The jury finding's actual meaning is significant when taken in context with the quantity of drugs of the "conspiracy" itself. The conspiracy itself, should be viewed as a wagon wheel which is comprised of numerous spokes. The spokes are substabtive offenses of those codefendants who were part of the corporate crime, yet completely independant andd severable from the quantities possessed be the other "spokes" such as Mike Karas. The fact that the jury substantially limited Fox's participation is critical when the law of the Eighth Circuit is now applied against the backdrop of that jury determination. The jury did not determine that Fox "conspired" to distribute an amount between 50 to 500 grams, but that he "**possessed with the intent**" to distribute that amount. A substantive offense to the inchoate crime of conspiracy. The distinction of the jury's determination is distinguished in the following manner.

The PSIR(¶¶ 32,      ), the trial testimony and sentencing transcripts present objective and turthful evidence to the established fact that Fox was addicted to methamphetamine in a manner not common to person involved in the business of selling drugs for profit. In fact, the indisputable truth, as testified to by key government witnesses, is that Fox sell or distribute very little of the drugs he obtained from the leader, Mr. Carter. At one popint, witnesses stated that Fox would sometimes "smoke a half ounce per day"(PSIR ¶     ; Tr. Tx. pp.     ). Further objective evidence in the record can be found by the prior offense of Fox possessing meth smoking paraphnalia in the State of kansas(PSIR ¶     , May 2002). Fox attempted rug rehab in 1996 and 1997

2

unsuccessfully(PSIR ¶   ). Fox'es girlfreind and constant companion had to file banckruptcy because they abused her credit cards in an effort to stay high on methamphetamine. All persons who had any contact with Fox, knew he was using and abusing methamphetamine, not strictly distributing it. As such, the jury determined that Fox handled, obtained and possessed about 17 or 18 ounces in the 7 or 8 months time frame of the offense of conviction.

It is Defendant's postition for sentencing that he sold the bare minimum amount of methampetamine so that he and his girlfriend could stay high. Therefore, the rate Ilf exchange from buying wholsale and selling retail allowed Fox to personally consume 3/4 of the 500 grams he possessed with the intent to distribute. The Eight nCicuit law on this popint was made clear in U.S. v. Fraser 243 F3d 473, 476(8th Cir. 2001)(drug quanitites intended for personal use must be excluded if there is evidence in the record of such use). In sum, Fox only had to distriubute an ounce/month of meth, on the retail side to continue his high volume of personal use. the Eighth adopted the position found in U.S. v. Wyss, 147 F3d 631(7th Cir 1998)(personal use amounts not to be included in the relevantt conduct sentence detemination if proot of personal use present and unapposed) and U.S. v. Asch, 207 F3d 1238(10th Cir 2000)(Defendant bears the burden of proving personal use consumption of drug received from her co-conpsirator). Other ciruit agree in U.S. v. Rodriguez-Sanchez, 23 F3d 1488(9th Cir 1994); U.S. v. Gill, 348 F3d 147(6th Cir 2003); U.S. v. Marks, 365 F3d 101(1st Cir 2004)(personal use should never be included in drug quantity calculations) and U.S. v. Williams, 247 F3d 353(2nd Cir 2001).

3

Most recently the Eighth Circuit affirmed the <u>Fraser</u> precedent in <u>Hill v. Morrison</u>, 349 F3d 1089(8th Cir 2003) when the issue of personal use consumption was litigated in a habeas corpus action. Although, the action was not successful, the Court of appeals affirm the reality that the Eighth Circuit allowsa defendant to mitigate the amount of drugs attributable to him by presenting evidence of person use consumption. The fairness inherent to this precedent is grounded in properly increasing a sentence for those person who are actually in the business of distributing larger amounts of drugs, not persons with a serious drug habit and addiction. Defendant posits that the jury's determination was a finding of strict liability to how much and many drugs Fox obtained for his personal distribution efforts, in harmony with the above casees and precedent.

The distinction is critical as the case of <u>U.S. v. Fregoso</u>, places a proverbial "fly in Foc's oinment". See 60 F3d 114(8th Cir 1995). the Fregoso Court relied on a previous decision in <u>U.S. v. Brown</u>, 19 F3d 1246(8th Cir 1994) in deciding that the personal use exclusion rule does not apply when the object of the conspiracy drug amount is the total amount of drug determined. That case is not controlling for two reasons. First, the line of cases which generally asserts that there is a distinction bewteen those charged with "conspiracy" and merely "attempt or possess with intent to distribute" apply only to those codefendants who are culpable for the conspriacy's object, not on indiviullal findings of personal possession with intent to distribute, like Fox.

4

Second, the <u>Brown</u> thinking and applicability will not hold up agains the Blakely/Booker Constitutio al doctrine in light of a specific jury instruction on the defendant's personal possession which was created through <u>Apprendi</u>. Defendant Fox does not suggest that Brown and Fregoso are no longer applicable, just that they should not be used aginst him and these proceedings. In otherwords, absent a jury instruction which distinguishes codefendant's individual drug calculations, all codefendant's are equally and vicariously liable for each other aggregate drug volume. because defnse counsel took the neccessary steps to esparate Fox's drug quantities from the others, the jury determination should be properly considered the amount of drugs which he <u>possessed</u> <u>with</u> <u>the</u> <u>intent</u> <u>to</u> <u>distribute</u> and the law of <u>Fraser, Wysss and Asch</u> should work in his advantage to ensure he is sentenced accurate for what he distributed, not what he personally consumed.

**Wherefore Premises Considered,** Harold Fox, Defendant earnestly prays that the Court will conduct an inquiry into the amount of drugs personally consumed and calculate his sentence by excluding that amount from the jury finding and range.

dated: *May 17 2005*       submitted: _____

Harold Fox   Defendant
POB 4000   FMC
Rochester   MN   55903

5